IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY RINDAHL,

               Plaintiff,                         OPINION and ORDER

      v.                                                   13-cv-313-bbc

J. PRISTEN, et al.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In a September 13, 2011 order, I transferred two cases filed by plaintiff Randy Rindahl, a prisoner incarcerated at the South Dakota State Penitentiary, located in Sioux Falls, South Dakota, to the United States District Court for the District of South Dakota after concluding that this court could not exercise personal jurisdiction over defendants, the governor of South Dakota and various South Dakota Department of Corrections employees.

Now Rindahl has filed a proposed complaint in this court in which he alleges that the South Dakota governor, state judges and Department of Corrections officials, as well as United States District of South Dakota and Eighth Circuit judges, have violated his rights through "Judicial Discrimination and Corruption."

Usually the court would proceed to examine plaintiff's financial information to decide whether he qualifies for <u>in</u> <u>forma</u> <u>pauperis</u> status and then screen his claims after he paid an initial partial payment of the filing fee, but it is clear at the outset that this case suffers from the same jurisdictional problem as plaintiff's earlier cases. Plaintiff is incarcerated in a South

Dakota prison and all of the defendants are South Dakota or federal officials who allegedly violated his rights in cases taking place in South Dakota or elsewhere in the Eighth Circuit. Accordingly, I conclude that this court may not exercise personal jurisdiction over defendants.

28 U.S.C. section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). With the parties located in South Dakota and the alleged events supposedly having taken place there, it appears that the District of South Dakota is the most convenient forum for this litigation. Therefore, I will transfer these cases to the United States District Court for the District of South Dakota.

If plaintiff brings another suit in this court against persons located exclusively in South Dakota, I will deny it outright, rather than transfer it. After filing two suits in this court only to have them transferred, plaintiff has had adequate warning that similar suits will not be heard by this court. He should file his suits in a court that has jurisdiction over the proposed defendants.

ORDER

IT IS ORDERED that this case is TRANSFERRED to the United States District

Court for the District of South Dakota.

Entered this 22d day of July, 2013.

BY THE COURT:<br>
/s/<br>
BARBARA B. CRABB<br>
District Judge