UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | * | CIV 13-4078-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | OPINION AND ORDER |
| vs. | * | DENYING IN FORMA |
| | * | PAUPERIS STATUS AND |
| J. PRISTEN, United States Department | * | DISMISSING COMPLAINT |
| of Justice Deputy Chief, Washington, | * | WITHOUT PREJUDICE |
| D.C., et al., | * | |
| | * | |
| Defendants. | * | |

## I. INTRODUCTION

Plaintiff Randy Rindahl ("Rindahl") filed a Complaint, Doc. 1, under 42 U.S.C. § 1983 against numerous defendants including a number of judges from the United States District Court for the District of South Dakota, judges from the United States Court of Appeals for the Eighth Circuit, members of the Clerk of Court's office from the District of South Dakota and the Eighth Circuit, United States Department of Justice officials, and South Dakota state officials. Rindahl, as he has done in the past, filed this action originally in the United States District Court for the Western District of Wisconsin. That court transferred the case to the District of South Dakota. Doc. 15. Rindahl has filed two motions for leave to proceed in forma pauperis, Doc. 3, Doc. 20. For the reasons stated below, Rindahl's motions for leave to proceed in forma pauperis are denied and his Complaint is dismissed without prejudice to refiling once he has paid the filing fee.

## II. BACKGROUND

Rindahl is an inmate in the South Dakota state prison system who has an extensive history of §1983 litigation in this District. This Court previously noted that Rindahl is a "frequent" filer who has been designated as a "'three strike' litigant who is ineligible for in forma pauperis status

in the absence of a sufficient claim of imminent danger of serious physical harm." Rindahl v. Daugaard et al., CIV-11-4130-KES, Doc. 44 at 3. In fact, Rindahl has more than "three strikes" in that this Court has dismissed five § 1983 Complaints filed by Rindahl in their entirety at the in forma pauperis screening stage. Rindahl v. Daugaard, CIV-11-4086-KES, Doc. 46 at 4-5 (outlining Rindahl's history of filing and discussing five complaints that he filed which were dismissed either as frivolous or for failing to state a claim upon which relief could be granted); see also Rindahl v. Class et al., CIV-95-4207-JBJ, Doc. 5, Doc. 6 (dismissing case under older version of 28 U.S.C. § 1915 which stated that the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious"); Rindahl v. Class et al., CIV-96-4116-JBJ, Doc. 6, Doc. 7 (dismissing complaint under older version of 28 U.S.C. § 1915 which stated that the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious"); Rindahl v. Class et al., CIV-96-4117-JBJ, Doc. 5, Doc. 6 (dismissing complaint under older version of 28 U.S.C. § 1915 which stated that the court "may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious"); Rindahl v. Webber, et al., CIV-08-4041-KES, Doc. 29, Doc. 58, Doc. 152 (revoking order denying in forma pauperis status, granting in forma pauperis status, and dismissing complaint for failing "to state a claim upon which relief may be granted"); Rindahl v. Reisch et al., CIV-10-4004-KES, Doc. 84 (adopting Report and Recommendation recommending that Rindahl's complaint be dismissed for failing to state a claim upon which relief may be granted). In addition to those five cases, this Court has dismissed at least seven more cases Rindahl filed because he did not prepay the filing fee and he was not entitled to in forma pauperis status because he had at least three previous strikes. See Rindahl v. Webber et al., CIV-09-4094-LLP, Doc. 7; Rindahl v. Reisch et al., CIV-09-4085-LLP, Doc. 17; Rindahl v. Reisch et al., CIV-10-4156-KES, Doc. 10; Rindahl

2

v. Daugaard et al., CIV-11-4085-KES, Doc. 45; Rindahl v. Daugaard et al., CIV-11-4086-KES, Doc. 46; Rindahl v. Daugaard et al., CIV-11-4130-KES, Doc. 44; Rindahl v. State of South Dakota, et al., CIV-11-4131-KES, Doc. 34.[1]

Rindahl also has a history of committing fraud upon this Court. In CIV-11-4130-KES, the Honorable Karen E. Schreier found by clear and convincing evidence that Rindahl manufactured and filed a fraudulent document that purported to be a response signed by the Warden at the institution in which Rindahl was housed. CIV-11-4130-KES, Doc. 44 at 11-13. Judge Schreier chose not to dismiss the Complaint under Rule 11 of the Federal Rules of Civil Procedure, opting instead to deny Rindahl in forma pauperis status and dismiss his Complaint without prejudice for failing to pay the filing fee. CIV-11-4130-KES, Doc. 44 at 14-15. Rindahl next filed fraudulent documents in Rindahl v. Daugaard et al., CIV-11-4082-KES. In that case, however, this Court dismissed Rindahl's Complaint with prejudice as a sanction under Rule 11 for committing fraud upon this Court by manufacturing and filing three fabricated documents. CIV-11-4082-KES, Doc. 58 at 12-15. This Court ordered further sanctions as well:

> [I]f Mr. Rindahl files any new lawsuit in any state or federal court in the United States, he must file this opinion and the district court's opinion together with his Complaint or any other initial filing. []
>
> Rule 11(c)(4) states that "[a] sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similar[ly] situation. The sanction may include nonmonetary directives . . . ." Rindahl has repeatedly engaged in misrepresentations to the court and submitted fabricated evidence to the court in this action and in Civ. 11-4086. The court has expended significant resources in resolving whether Rindahl submitted fabricated evidence in this

---

[1] This Opinion and Order will refer to the cases in short citations by referring only to the case numbers.

> action and in Civ. 11-4086. Future courts should be aware of Rindahl's past fraudulent behavior and save time and money if Rindahl should file another lawsuit . . . . Accordingly, the court adopts Magistrate Judge Simko's recommended directive that Rindahl be required to attach a copy of the Report and Recommendation and a copy of this opinion to any future complaint or initial filing in any state or federal court within the United States.

CIV-11-4082-KES, Doc. 58 at 14. Rindahl did not file, along with his Complaint in this case, this Court's Order in CIV-11-4082-KES as he was so directed. Thus, Rindahl's current filing was done in violation of this Court's previous Order.

## III. DISCUSSION

The Prison Litigation Reform Act states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" provision and while it does not preclude an inmate from filing additional actions, it does deny him the benefit of proceeding in forma pauperis. Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). To establish that the inmate is "under imminent danger of serious physical injury," the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing a likelihood of imminent serious physical injury." Id.

### A. Number of Strikes and the Western District of Wisconsin Order

Rindahl argues that this Court has mischaracterized his litigation history in the past and that he does not yet have three strikes. Doc. 1 at 20. Rindahl derives this argument in large part from

an Order that was entered in two of his previous cases—CIV-11-4130-KES, and CIV-11-413-KES—by a magistrate judge of the United States District Court for the Western District of Wisconsin (the "W.D. Wisconsin Order"). Rindahl originated these cases in the Western District of Wisconsin and the W.D. Wisconsin Order, docketed at Doc. 19 in each case, was entered before these cases were transferred to the District of South Dakota. The W.D. Wisconsin Order, based on the magistrate judge's review of Rindahl's litigation history in the District of South Dakota, concluded that Rindahl had only four strikes—in cases CIV-95-4207-JBJ, CIV-96-4116-JBJ, CIV-96-4117-JBJ, and CIV-10-4004-KES—and granted Rindahl in forma pauperis status. W.D. Wisconsin Order at 2. The W.D. Wisconsin Order observed that:

> "a strike is incurred under § 1915(g) when an inmate's case is dismissed in its entirety based on grounds listed in § 1915(g)," such as failure to state a claim upon which relief can be granted, rather than when only one claim out of several is dismissed under § 1915(g). Turley v. Gaetz, 625 F.3d 1005, 1012 (7th Cir. 2010). Under this rule, [Rindahl's] strikes in case nos. Civ. 96-4117 and Civ. 10-4004-KES remain valid, but courts in this circuit should not recognize the strikes in the two other cases [Nos. Civ. 95-4207-JBJ and Civ. 96-4116-JBJ] *because only some of [Rindahl's] claims in those cases were dismissed under § 1915(g).*

W.D. Wisconsin Order at 2 (emphasis added).

The Western District of Wisconsin appeared to believe that this Court in CIV-95-4207-JBJ and CIV-96-4117-JBJ dismissed only some "claims" but did not dismiss the entire "case" at the screening stage. Therefore, the Western District of Wisconsin did not count those dismissals as strikes. W.D. Wisconsin Order at 2. Because the Western District of Wisconsin discovered only four strikes at the outset, and then concluded that two of those strikes were not to be counted, the Western District of Wisconsin determined that Rindahl had only two strikes and could proceed in forma pauperis. W.D. Wisconsin Order at 2.

5

Rindahl and the Western District of Wisconsin incorrectly calculated the number of strikes that Rindahl had incurred and incorrectly determined that Rindahl may proceed in forma pauperis for two reasons. First, the Western District of Wisconsin overlooked a case that was screened at the in forma pauperis stage when that court initially determined that Rindahl had four strikes against him. In reality, Rindahl had five strikes at that time. The Western District of Wisconsin noted that this Court previously had assessed Rindahl with four strikes in cases CIV-95-4207-JBJ, CIV-96-4116-JBJ, CIV-96-4117-JBJ, and CIV-10-4004-KES. W.D. Wisconsin Order at 2. But, in CIV-08-4041-RHB/KES, this Court, through the Honorable Richard H. Battey, assessed a fifth strike against Rindahl. Judge Battey granted Rindahl in forma pauperis status after he alleged that he was under imminent danger of serious bodily harm, screened his Complaint, and dismissed it in its entirety for failing to state a claim upon which relief can be granted. Doc. 29 at 3-5. This case was not mentioned and appears to have been overlooked by the Western District of Wisconsin. Thus, even if the Western District of Wisconsin was correct in determining that the strikes in CIV-95-4207-JBJ and CIV-96-4117-JBJ were only partial or "split" dismissals and not strikes, Rindahl still had three strikes and was foreclosed from proceeding in forma pauperis.

Second, the Western District of Wisconsin was incorrect in determining that this Court dismissed only certain "claims" in CIV-95-4207-JBJ and CIV-96-4117-JBJ because in those cases, this Court dismissed at the screening stage Rindahl's entire "case" or "action." In Turley, the Seventh Circuit held that when a court dismisses "certain *claims* in an action" during screening, allows other claims to survive screening to be decided on the merits, and does not dismiss the entire "*action[]*" at screening, then such a "split" dismissal cannot count as a strike. See 625 F.3d at 1008-09 (emphasis in original). A court may count "as a strike only the dismissal of an entire action." Id. at 1009. But here, this Court, through the Honorable John B. Jones, dismissed both

6

of Rindahl's Complaints or "case[s]" at issue in their entirety and did not allow any "claims" to survive screening to be decided on the merits. See CIV-95-4207-JBJ, Doc. 5 at 2 (dismissing entire Complaint during screening procedures as frivolous and lacking an arguable basis in law or fact); CIV-96-4117-JBJ, Doc. 5 at 2 (holding that Rindahl's two claims lacked an arguable basis in law or fact because his legal theories lacked merit and dismissing Complaint). These two dismissals are strikes bringing his total to five.[2]

**B. Imminent Danger**

Because Rindahl properly is saddled with five strikes, he may proceed in forma pauperis only if he alleges imminent danger of serious physical harm. Martin, 319 F.3d 1048 at 1050. Rindahl's Complaint does not allege that he is in physical danger. Rindahl complains of "Judicial Discrimination and Corruption" and outlines alleged errors committed by this Court, the Eighth Circuit, and the Clerks of Court for both the District of South Dakota and the Eighth Circuit in handling his past § 1983 filings. Because Rindahl has not alleged sufficiently that he currently is under imminent danger of serious physical harm, his petition to proceed in forma pauperis, for which he has paid no filing fee, must be denied.

## IV. CONCLUSION

For the reasons contained herein, it is hereby

ORDERED that Plaintiff's motions for leave to proceed in forma pauperis, Doc. 3 and Doc. 20, are denied. It is further

ORDERED that Plaintiff's Complaint, Doc. 1, is dismissed without prejudice subject to

---

[2] In the two cases in which the W.D. Wisconsin Order was entered, each case was subsequently transferred to this District. Judge Schreier reviewed Rindahl's litigation history and concluded that he had five strikes, denied him in forma pauperis status, and dismissed his Complaints. CIV-11-4130, Doc. 44; CIV-11-4131, Doc. 46.

Rindahl's prepayment of the $350.00 filing fee.  It is further

ORDERED that Plaintiff's remaining motions, Doc. 2, Doc. 5, and Doc. 6, are denied as moot.

Dated October 23, 2013.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE